

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

FEB - 6 2014

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEBBIE BRUTON                    §
                                 §
                                 §
VS.                              §      CIVIL NO.4:14-CV-083-A(BJ)
                                 §
CAROLYN W. COLVIN,               §
Commissioner,                    §
Social Security Administration   §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Debbie Bruton is the plaintiff. The defendant/respondent is Carolyn W. Colvin, Commissioner, Social Security Administration.

C. LEGAL ANALYSIS

Plaintiff accompanied her complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq*. That motion/application includes the income and asset information for both the plaintiff and her spouse. In making the in-forma-pauperis

_____

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income."[2] A review of the financial information submitted in the long-form application/motion reflects that plaintiff Bruton's spouse receives $1816 a month in unemployment payments. Courts consistently consider unemployment compensation in making the in-forma-pauperis determination.[3] Bruton's spouse also receives $2759 a month in social security payments. Courts also consider social security payments in making the in-forma-pauperis determination.[4] Plaintiff lists her 27 year old daughter and her

---

[2]*Muhammad v. Louisiana Attorney Disciplinary Board, et al.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel*, No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank*, No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D.Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon*, 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.*, 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer*, 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .").

[3]*See, e.g., Cornish v. Texas Dept. of Protective and Regulatory Services, et al.*, No. 3:04-CV-969-K, 2004 WL 1305809, at *1 (N.D. Tex. June 10, 2004), *rep. and rec. adopted*, 2004 WL 1819018 (Aug. 12, 2004); *Grant v. Shiflett*, No.3:03-CV-1959-R, 2003 WL 22466210, at *1 (N.D. Tex. Oct. 23, 2004), *rep. and rec. adopted*, (November 12, 2004); *Ponder v. Schultz*, No.3:02-CV-1353-P, 2002 WL 3114054, at *2 (N.D. Tex. Sep. 20, 2002); *Lewis v. Center Market, et al.*, 378 Fed. Appx. 780, 784-85 (10th Cir. May 17, 2010)(affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits).

[4]*See, e.g.,Lewis v. Center Market, et al.*, 378 Fed. Appx. 780, 784-85 (10th Cir. May 17, 2010)(affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *Salter v. Johnson*, No.3:12CV738-HTW, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013)(income includes social security payments), *rec. adopted*, 2013 WL 55065 (Feb. 12, 2013); *Mitchell v. Champs Sports*, 42 F.Supp. 2d 642, 648 (E.D. Tex. Dec. 15,1998).

two minor grandchildren as dependants. Even if that is the case, the applicable poverty guidelines for a family of five is $27,910. At a combined $4575 a month, Plaintiff's total annual household retirement income and unemployment payments totals $54,900, far above the poverty level for a family of five. The information in this application thus shows that plaintiff Bruton has sufficient resources available to pay the filing fee. Thus, after review and consideration of the application/motion to proceed in forma pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's February 6, 2014 motion to proceed in forma pauperis [docket no. 2] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[5] within seven (7) days after the district judge's order.

---

[5]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February **27**, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

### ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until February **27**, 2014 to serve and file written

4

objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED February 6, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE